**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     UNIVERSAL MARKETING, INC., | : | |
|         Debtor. | : | Bky. No. 09-15404 ELF |
| | : | |
| CHARLES R. GOLDSTEIN, Chapter 7 Trustee for the Estate of Universal Marketing, Inc., et al., | : | |
|         Plaintiff, | : | |
|         v. | : | |
| EBY-BROWN, INC., | : | |
|         Defendant. | : | Adv. No. 11-0520 |

# M E M O R A N D U M

## I.

In this adversary proceeding, Charles Goldstein, the trustee ("the Trustee") in the above chapter 7 bankruptcy case, seeks to set aside pre-petition and post-petition transfers allegedly made by the Debtor to Defendant Eby-Brown, Inc. ("the Defendant"). Presently before the court is the Defendant's Motion to Dismiss the Complaint ("the Motion"). The Defendant asserts that the complaint ("the Complaint") fails to state a claim upon which relief can be granted. The Defendant also asserts that the bankruptcy court lacks subject matter jurisdiction over the Trustee's claim to set aside pre-petition transfers.

As explained below, I conclude that the bankruptcy court has subject matter jurisdiction over the pre-petition fraudulent transfer claim. I also conclude that the Complaint fails to state a

-1-

claim and must be dismissed. However, the Trustee will be granted leave to file an amended complaint.

## II.

This adversary proceeding is one (1) of 180 adversary proceedings commenced by the Trustee on July 20 and 21, 2011 seeking to avoid pre-petition and post-petition transfers and related relief. The prototypical complaint asserts six (6) claims under the Bankruptcy Code (claims under 11 U.S.C. §§502, 544, 547, 548, 549 and 550) and a claim for an award of attorney's fees. I described the complaint in some detail in a Memorandum entered last month in Goldstein v. BRT, Inc. (In re Universal Marketing), 2011 WL 5114826 (Bankr. E.D. Pa. Oct. 27, 2011) ("BRT").

The Complaint in this adversary proceeding includes many of the same factual allegations as the complaint in BRT, but sets forth fewer claims for relief. Here, the Trustee makes no claim for a preference under §547 or a fraudulent transfer under §548. He does assert a fraudulent transfer claim under §544 (incorporating 12 Pa. C.S.A. §§5101 et seq. (hereafter, "PUFTA") as applicable nonbankruptcy law) and a claim for avoidance of post-petition transfers pursuant to §549. Based on these two avoidance theories, the Trustee seeks additional relief under §502(d) and (j) and §550 and an award of attorney's fees.

As stated above, the Defendant seeks dismissal of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated in this proceeding by Fed. R. Bankr. P. 7012). If that were the sole basis of Motion, I would grant the Motion, dismiss the Complaint, but also grant the Trustee leave to file an amended complaint for the reasons set forth in BRT. However, pursuant to Rule 12(b)(1), the Defendant also asserts that the bankruptcy court lacks

subject matter jurisdiction over the §544 fraudulent transfer claim.[1]

As a general rule, a federal bankruptcy court has an independent duty to satisfy itself that it has subject matter jurisdiction over any pending matter and must conclude that it has subject matter jurisdiction before reaching the merits of a case.[2] A corollary to this principle is that a federal court "has leeway 'to choose among threshold grounds for denying audience to a case on the merits,'" which may include a variety of grounds for dismissal that are "short of reaching the merits." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999)). Here, however, the asserted ground for dismissal is not "short of reaching the merits." Dismissal of a complaint under Rule 12(b)(6) is a decision on the merits. E.g., Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Hubicki v. ACF Indus., Inc., 484 F.2d 519, 523 (3d Cir. 1973). If this court lacks subject matter jurisdiction, it would be improper to dismiss the §544 and §549 claims under Rule 12(b)(6) for failure to state a claim. Likewise, it would be improper to grant the Trustee leave to amend the Complaint. Therefore, I must address the Defendant's jurisdictional argument.

---

[1] The Defendant asserts one (1) other ground for dismissal of the Complaint. The Defendant argues that the Trustee did not properly investigate his potential claims before filing suit and the Complaint should be dismissed due to this "fail[ure] to conduct any due diligence." (Motion ¶ 36). In making this argument, the Defendant refers to Fed. R. Bankr. P. 9011(b) and that rule's requirement that representations to the court be made "after an inquiry reasonable under the circumstances."

In the context of this Rule 12(b)(6) motion, the Defendant's argument is without merit. The Defendant cites no legal authority for the novel proposition that "due diligence" is an element of a claim under 11 U.S.C. §544 or 549 that must be pleaded in a complaint. Further, the citation to Bankruptcy Rule 9011 is gratuitous in that the Defendant has not complied with the procedural conditions set forth in the rule which must be satisfied before relief under the rule (such as dismissal of an action) can be requested.

[2] See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); In re Mullarkey, 536 F.3d 215, 220-21 (3d Cir. 2008);. Hubi v. Nalty, 2011 WL 2292808, *1 (E.D. Pa. June 8, 2011); In re Olick, 2010 WL 4509828, at *1 n.5 (Bankr. E.D. Pa. Nov. 9, 2010) (citing cases); In re Shuman, 277 B.R. 638, 654 n.8 (Bankr. E.D. Pa. 2001).

As explained below, I hold that the bankruptcy court has subject matter jurisdiction over the Trustee's §544 claim.

### III.

### A.

The Defendant's jurisdictional argument is based on the recent Supreme Court decision, Stern v. Marshall, 131 S. Ct. 2594 (2011). In Stern, the court held that 11 U.S.C. §157(b)(2)(C) was unconstitutional insofar as it authorized the bankruptcy court, to enter a final judgment, without the creditor's consent, on a debtor's counterclaim to the creditor's proof of claim, when the counterclaim need not necessarily be resolved in the process of allowing or disallowing the creditor's proof of claim. See Stern, 131 S. Ct. at 2620.

Here, the Defendant argues that:

(1) the Trustee's Complaint seeks to avoid fraudulent transfers "premised under Pennsylvania law;" (Motion ¶29);

(2) like the debtor's counterclaims in Stern, "[s]tate law avoidance actions" are designated as core proceedings under 28 U.S.C. §157(b)(2)(H)(id. ¶25);

(3) fraudulent transfer actions are common-law type claims (rather than claims involving "public rights")[3] and, as such, may not be assigned by Congress to the bankruptcy court for resolution, (id. ¶23); and

(4) "[W]hile this Bankruptcy Court has statutory authority to hear the Trustee's fraudulent transfer claim, [it] lacks constitutional authority to hear the claim

---

[3] In Stern, the court stated that a category of cases exists, involving "public rights" and that Congress may constitutionally assign such cases to "legislative courts," rather than Article III courts, for resolution. 131 S. Ct. at 2610. Essentially, the Defendant argues that state law-based fraudulent transfer actions do not fall within the "public rights" doctrine. There is support for that proposition. See, e.g., In re Fairfield Sentry, Ltd. Litigation, 2011 WL 4359937, at *5 (Bankr. S.D.N.Y. Sept. 19, 2011).

and should dismiss the Complaint" (id.).[4]

The initial flaw in the Defendant's argument is its premise: that the Trustee is seeking to avoid pre-petition transfers under Pennsylvania law. I do not read the Complaint to assert an avoidance claim under Pennsylvania law, i.e., PUFTA. Rather, it appears that sole authority for the Trustee's fraudulent transfer claim is 11 U.S.C. §544, a Bankruptcy Code provision that permits a trustee to avoid transfers that are avoidable under applicable nonbankruptcy law by certain hypothetical or actual creditors of the debtor. See 5 Collier on Bankruptcy ¶ 544.01 (16th ed. 2011) (Alan N. Resnick & Henry J. Sommer eds.).

While the Complaint makes a general reference to PUFTA in close proximity to its articulation of the §544 claim, and perhaps is not as precise as it should be, it is counterintuitive to read the Complaint to assert a direct, state law PUFTA claim. PUFTA identifies transactions that are fraudulent "as to creditors" and accords remedies to "creditors." See 12 Pa. C.S.A. §§5104(a), 5105, 5107(a). It is unreasonable to infer that the Trustee considers himself a "creditor" of the Debtors in this bankruptcy case. Notwithstanding the Complaint's joint reference to §544 and PUFTA, the obvious inference to be drawn is that the Trustee seeks to invoke the power afforded him by 11 U.S.C. §544 to act in a representative or derivative capacity and assert avoidance rights that creditors (actual or hypothetical) have under applicable state law. In short, the Complaint refers to PUTFA merely for the purpose of identifying the applicable state law incorporated by §544.

---

[4] Interestingly, and consistent with the logic of its argument, the Defendant appears to limit its argument to the Trustee's claim to set aside pre-petition transfers. The Defendant does not appear to contend that the court lacks subject matter jurisdiction to hear the Trustee's claim for avoidance of post-petition transfers pursuant to 11 U.S.C. §549.

Even though §544 incorporates state law to provide the "rules of decision," a §544 claim is a federal bankruptcy cause of action. In re Hudson, 455 B.R. 648, 656-57 (Bankr. W.D. Mich. 2011). In that respect, it differs from the debtor's claim in Stern. It is not a "state law action independent of the federal bankruptcy law," Stern, 131 S. Ct. at 2611 (emphasis added). To the contrary, it "flow[s] from a federal statutory scheme," id. at 2614. To the extent, then, that the Defendant is arguing that this court lacks jurisdiction to hear the fraudulent transfer claim because the claim, like the claim at issue in Stern, is a state law claim and not a federal bankruptcy claim, the Defendant is attacking a straw man.

Perhaps more fundamentally, however, the Defendant's argument reads far too much into Stern. In Stern, the Supreme Court held that Congress exceeded its constitutional authority when it designated certain types of counterclaims to proofs of claim as "core proceedings." The Court did not hold that the bankruptcy court lacked subject matter jurisdiction to adjudicate the debtor's state law claim. The Court held only that Congress' delegation of authority to enter a final judgment, as a "core proceeding," without the non-debtor's consent, was unconstitutional. Nothing in the specific holding in Stern precludes the bankruptcy court from exercising subject matter jurisdiction to hear a fraudulent transfer claim by treating it as a "related proceeding" and issuing proposed findings of fact and conclusions of law. In other words, Stern does not affect the exercise of federal bankruptcy jurisdiction to hear certain claims, but simply whether the authority to enter a final order resides in the district court or the bankruptcy court.

**B.**

The foregoing recitation, however, does not completely resolve the issue.

The Defendant's citation of In re Blixseth, 2011 WL 3274042 (Bankr. D. Mont. Aug. 1,

2011) suggests that the Defendant may be making a startling statutory (as opposed to constitutional) challenge to this court's subject matter jurisdiction to hear the fraudulent transfer claim – i.e., that the bankruptcy court lacks a statutory basis for exercising subject matter jurisdiction to hear the Trustee's claim for avoidance of pre-petition transfers under 11 U.S.C. §544.

In Blixseth, the court held that there is no difference, for constitutional purposes, between the state law claim in Stern and a Bankruptcy Code-based fraudulent transfer claim. The court reasoned that the mere fact that the claim flows from the Bankruptcy Code does not make it a public right which may be adjudicated to a final judgment by a non-Article III court.[5] The court then went a step further and held that the bankruptcy court lacked all statutory authority to hear a claim unconstitutionally designated by Congress as "core" in 28 U.S.C. §157(b) because the only statutory provision authorizing a bankruptcy court to hear a matter and issue proposed findings of fact and conclusions of law is 28 U.S.C. §157(c), which only applies to non-core, related

---

[5] The court stated:

> Fraudulent conveyance claims in bankruptcy do not fall within the public rights exception. Although codified by the Bankruptcy Reform Act of 1978, fraudulent conveyance claims are "quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res."
>
> . . .
>
> Since Trustee's fraudulent conveyance claim is essentially a common law claim attempting to augment the estate, does not stem from the bankruptcy itself and would not be resolved in the claims allowance process, it is a private right that must be adjudicated by an Article III court. This Court's jurisdiction over that claim as a core proceeding is therefore unconstitutional.

2011 WL 3274042, at *11 (quoting Granfinanciera v. Nordberg, 492 U.S. 33, 56 (1989)).  See also In re Teleservices Group, Inc. 456 B.R. 318 (Bankr. W.D. Mich. 2011).

proceedings. See Blixseth, 2011 WL 3274042, at *12. The court held that because it "may not constitutionally hear the fraudulent conveyance claim as a core proceeding [and it] does not have statutory authority to hear it as a non-core proceeding, it may in no case hear the claim." Id.; see also Sitka Enters., Inc. v. Segarra-Miranda, 2011 U.S. Dist. LEXIS 90243, *7-8 (D.P.R. Aug. 12, 2011) (holding that the determination of fraudulent transfer actions must be made by an article III court without discussing why the bankruptcy court cannot exercise jurisdiction and issue proposed findings of fact and conclusions of law).

Significantly, the Blixseth court did not suggest the bankruptcy court lacked constitutional authority to exercise jurisdiction over a fraudulent transfer claim, provided the court issued only proposed findings of fact and conclusions of law and did not enter a final judgment. The problem perceived by the court was the lack of statutory authority to issue such proposed findings of fact and conclusions of law in a proceeding (unconstitutionally) designated by Congress as "core." Respectfully, I believe Blixseth is incorrect and I decline to follow it.

I will assume arguendo that the premise of the Blixseth analysis is correct – that the Constitution prohibits a bankruptcy court from exercising "core" jurisdiction (i.e., entering final judgments without consent of the non-debtor defendant) to decide adversary proceedings asserting claims under 11 U.S.C. §544. This is an issue that I need not decide at this time.[6]

---

[6] That issue will be ripe if the Trustee files an amended complaint asserting a claim under §544 that passes muster under Rule 12(b)(6), the Defendant continues to assert that the bankruptcy court is incapable, on constitutional grounds, of issuing a final judgment in the proceeding without the Defendant's consent, and the Defendant does not consent to the entry of a final judgment by the bankruptcy court.

However, even accepting the Blixseth court's premise,[7] it does not follow that the bankruptcy court must dismiss a §544 claim for lack of subject matter jurisdiction.

The statutory grant of subject matter jurisdiction in bankruptcy cases is found in 28 U.S.C. 1334(b).  Bankruptcy subject matter jurisdiction potentially extends to four types of title 11 matters: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.  See, e.g., In re Combustion Engineering, Inc., 391 F.3d 190, 225-26 (3d Cir. 2004).

Ultimately, all bankruptcy matters fall into two (2) categories: (1) "core proceedings" arising under title 11 or cases under title 11 and (2) non-core proceedings that are otherwise "related to" a case under title 11.  Mullarkey, 536 F.3d at 221.

In Mullarkey, the Third Circuit also summarized concisely the consequence of distinguishing the two (2) types of matters:

> While it is clear that a bankruptcy court has jurisdiction over all proceedings "related to" a bankruptcy case, the core/non-core distinction is relevant to the scope of the bankruptcy court's powers upon referral: in core proceedings, the bankruptcy judge may issue final orders and judgments. In non-core proceedings, the bankruptcy court's powers are more circumscribed: it must submit "proposed findings of fact and conclusions of law" to the district court, which enters an order only after conducting de novo review.

. . .

---

[7] Several courts agree with Blixseth on this point.  Fairfield Sentry, Ltd. Litigation, 2011 WL 4359937, at *16-17; Sitka Enters., 2011 U.S. Dist. LEXIS 90243, *7-8; see generally Matter of Bellingham Ins. Agency, Inc., No. 11-35162 (9th Cir. Nov. 4, 2011) (inviting amicus curiae briefs on question "Does Stern v. Marshall, 131 S. Ct. 2594 (2011), prohibit bankruptcy courts from entering a final, binding judgment on an action to avoid a fraudulent conveyance?"); In re Innovative Communication Corp., 2011 WL 3439291, at *3 (Bankr. D.V.I. Aug. 5, 2011) (expressing uncertainty whether bankruptcy court can enter final judgment without consent in adversary proceeding under §544(b)).  In dicta, one bankruptcy court has suggested that the premise may be incorrect.  In re Heller Ehrman LLP, 2011 WL 4542512, at *5 (Bankr. N.D. Cal. Sept. 28, 2011) (per Montali, J.).

> [The] determination [whether a proceeding is core or non-core] does not affect the bankruptcy court's power to hear the case. Rather, it affects the form of the bankruptcy court's disposition, i.e., whether it is final and appealable to the district court, or a report and recommendation to be reviewed by the district court.

536 F.3d at 221-22 (emphasis added) (citation and footnote omitted); accord In re Seven Fields Dev. Corp., 505 F.3d 237, 257 (3d Cir. 2007).

There are two important points to be made here.

First, as the Mullarkey court emphasizes, the core/non-core distinction does not affect subject matter jurisdiction. It affects only the allocation of decision-making authority as between the district court and the bankruptcy court. More specifically, it impacts the scope of the bankruptcy court's authority to decide matters referred to it by the district court. But, whatever the precise scope of the bankruptcy court's authority may be in matters referred by the district court, subject matter jurisdiction exists, especially with respect to causes of action created by the Bankruptcy Code itself, such as 11 U.S.C. §544. Nothing in Stern's holding undermines or abrogates this principle.

Second, under the bankruptcy jurisdictional scheme, even if one were to presume that a transfer avoidance action under 11 U.S.C. §544 is not a proceeding arising under title 11 over which a bankruptcy court can exercise "core" jurisdiction and enter a final judgment (due to constitutional limitations that nullify the jurisdictional authority granted to the bankruptcy court by Congress), a fraudulent transfer action nevertheless is "related" to the bankruptcy within the meaning of 28 U.S.C. 1334(b). This principle seems indisputable. Undoubtedly, a trustee's collection of money or property through the exercise of his or her avoidance powers will affect the handling and administration of the bankrupt estate. See, e.g., Halper v. Halper, 164 F.3d 830,

837 (3d Cir. 1999); Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

The Blixseth court implicitly posited that:

>(1) there are three (3) categories of bankruptcy jurisdiction:
>
>>(a) core matters,
>>
>>(b) core matters in which the bankruptcy court's "core" jurisdiction cannot be constitutionally exercised non-core, related matters, and
>>
>>(c) non-core, related matters.
>
>(2) a core matter in which the bankruptcy court's "core" jurisdiction cannot be constitutionally exercised is not a "related" proceeding.

I disagree with the second point and a conceptualization of bankruptcy jurisdiction that suggests that a category of matters exist which are "core" but not "related." This category does not exist. Rather, as the passage from Mullarkey quoted above suggests, every core proceeding necessarily is also "related to" the bankruptcy case for purposes of 28 U.S.C. 1334(b). One might say that every core proceeding is related, but not every related proceeding is core and that a matter must at least be related to the bankruptcy for the bankruptcy court to exercise any type of subject matter jurisdiction. See In re Seven Fields Dev. Corp., 505 F.3d 237, 257 (3d Cir. 2007) ("It seems clear . . . that Congress believed that a core case was 'related to' title 11 but that a case can be 'related to' title 11 on a basis other than being a core case").

In enacting 28 U.S.C. §1334(b), Congress provided the district court with jurisdiction to hear, inter alia, non-core, "related" proceedings. By enacting 11 U.S.C. §157(a), Congress authorized the district court to refer such proceedings to the bankruptcy court. Through these statutory provisions, Congress unequivocally authorized bankruptcy courts to exercise

-11-

jurisdiction in "related proceedings." I fail to see how Congress' express, unambiguous delegation of subject matter jurisdiction in "related proceedings" is vitiated by the absence of an explicit mechanism for the issuance of proposed findings of fact and conclusions of law in cases in which Congress may have exceeded its constitutional authority in designating proceedings as "core." If the proceedings are not core, they nonetheless are related proceedings that a bankruptcy court is authorized to hear and submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. §157(c)(1).

Further, as another bankruptcy court has observed, even if one insists that, by virtue of 28 U.S.C. §157(b)(2)(H), fraudulent transfer proceedings must be characterized as "core" and cannot be characterized as "related proceedings" within the meaning of 28 U.S.C. 157(c)(1),

> title 28 [of the Judicial Code] does not prohibit the use of the proposed findings procedure. The absence of a provision is not a prohibition. Further, Stern approved exactly such a procedure. Similarly, the fact that Bankruptcy Rule 9033 only mentions non-core proceedings in no way prohibits following the same procedure in core matters.

Heller Ehrman LLP, 2011 WL 4542512, at *5; accord In re Mortgage Store, Inc., 2011 WL 5056990, at *6 (D. Haw. Oct. 5, 2011); In re Emerald Casino, Inc., 2011 WL 3799643, at *1 (Bankr. N.D. Ill. Aug. 26, 2011); Hudson, 455 B.R. at 657.

For these reasons, I conclude that the Defendant's request that the Trustee's claim under 11 U.S.C. §544 be dismissed for lack of subject matter jurisdiction is without merit.

## IV.

In light of my determination that subject matter jurisdiction exists over the §544 claim, I will dispose of the Motion in the same manner as the defendant's motion to dismiss in BRT. As in BRT, the §544 and §549 claims will be dismissed because the Complaint fails to set forth sufficient facts to render these claims "plausible." Because the Trustee's §502 and §550 claims

depend upon the viability of at least one of the dismissed claims, they too, will be dismissed.

And, as in <u>BRT</u>, I will grant the Trustee leave to file an amended complaint.

    An appropriate order will be entered.

**Date:**   <u>November 15, 2011</u>

                        **ERIC L. FRANK**
                        **U.S. BANKRUPTCY JUDGE**